(November 30, 1915.)

LOT L. FELTHAM et al., Appellants, v. BOARD OF COMMISSIONERS OF GOOD ROAD DISTRICT NO. 1 OF WASHINGTON COUNTY et al., Respondents.

[153 Pac. 562.]

GOOD ROAD DISTRICT — BOARD OF GOOD ROAD COMMISSIONERS — POWERS OF — PETITION FOR HIGHWAY — GRANTED IN PART AND DENIED IN PART — APPEAL TO COUNTY COMMISSIONERS — APPEAL TO DISTRICT COURT.

1. Under the provisions of sec. 1058, Rev. Codes, as amended by the Laws of 1909, p. 172, the Board of Good Road Commis-

sioners has power to receive road petitions and lay out, alter, create and abandon public highways within their respective districts, subject to an appeal to the board of county commissioners of such district.

[As to what constitutes a highway, see note in 57 Am. St. 744.]

2. Under the provisions of sec. 1950, Rev. Codes, an appeal may be taken from any act, order or proceeding of the board of county commissioners by any person aggrieved thereby.

3. *Held*, that the district court erred in holding that the petitioners were not entitled to have that part of the road in the south half of sec. 9 declared a public highway, and that the court did not err in holding that the petitioners were not entitled to have that part of the proposed highway situated in the north half of section 16 declared a public highway.

4. *Held*, that the court did not err in admitting certain exhibits on the trial of this case.

APPEAL from the District Court of the Seventh Judicial District for Washington County.   Hon. Ed. L. Bryan, Judge.

Action to establish a highway in Good Road District No. 1 in Washington county, in sections 9 and 16, on petition.   The district court refused to grant the petition.   Affirmed in part and reversed in part.

Lot L. Feltham, for Appellants.

"An appeal lies to the district court from an order of the board of supervisors establishing a road." (*Prosser v. Wapello County*, 18 Iowa, 327.)

No one but the owner of land adjoining the road to be laid out or vacated is a "person interested in the decision of the commissioners of highways," in determining who may appeal from such decision to the supervisors of the county. (*Taylor v. Highway Commrs. of Normal*, 88 Ill. 526.)

Proceedings depend upon different rules in states. (1 Elliott on Roads and Streets, 3d ed., sec. 386.)

The refusal of the board of good road commissioners to grant the proposed road was without basis of right, reason, justification or excuse, and was in violation of their oaths

and obligations under the law and an abuse of their discretion. (37 Cyc. 49, 61, 65, 70, 72, 76; *Village of Sandpoint v. Doyle,* 14 Ida. 749, 95 Pac. 945, 947, 17 L. R. A., N. S., 497.)

To refuse to create a public highway when petitioned by land owners along the proposed line defeats the very object of the creation of the district. (*Shoshone Highway Dist. v. Anderson,* 22 Ida. 109, 125 Pac. 219.)

B. S. Varian and John H. Norris, for Respondents.

Sec. 1058, Rev. Codes, as amended, Laws 1909, p. 173, gives a right of appeal to the board of county commissioners, and we take it the decision of the board of county commissioners would be final in the absence of a gross abuse of discretion. (27 Cyc. 110, and cases cited; *Thompson v. Conway,* 53 N. H. ·622; Elliott, Roads and Streets, 2d. ed., sec. 506.)

SULLIVAN, C. J.—This is an appeal from the district court affirming the decision of the board of county commissioners, which decision in part sustained and in part overruled the decision of the commissioners of Good Road District No. 1 in Washington county.

The commissioners of said good road district took under consideration a petition in writing signed by twenty-one inhabitants and taxpayers of said good road district, asking for the laying out and opening of a public road through the north half of section 16 and the south half of section 9, township 10 north of range 5 west of Boise Meridian, in said county. The commissioners of the good road district granted a part of said petition and ordered said proposed road opened through the south half of said section 9, but refused to make an order opening the road through the north half of section 16. An appeal from that order was taken by the petitioners to the board of commissioners of Washington county from that part of the decision refusing to open the proposed road through section 16. No appeal was taken from that part

of the decision of the commissioners of the good road district granting the opening of such road through the south half of section 9.

The matter was heard before the board of county commissioners of Washington county, and said board reversed the decision of said good road commissioners opening the part of said proposed road through section 9 and affirmed its decision refusing to open that part of the road in section 16.

An appeal was taken from said order of the board of county commissioners to the district court and there the case was tried *de novo*. The district court sustained the decision of the board of county commissioners and entered judgment dismissing the appeal. This appeal is from that judgment.

Several errors are assigned, the first of which is that the board of commissioners of Good Road District No. 1 erred in refusing to grant the petition for a public road through the north half of said section 16; second, that the board of county commissioners of Washington county erred in reversing the order of the commissioners of the good road district granting the petition of appellants for a public road through the south half of section 9, and also in denying the petition for a public road through the north half of section 16; third, that the district court erred in refusing appellant's motion for judgment on the record on the ground that no protest had been filed against the granting of said petition, and no legal objections made to have said road declared open; fourth, that the district court erred in affirming the decision of the board of county commissioners; fifth, that the court erred in admitting certain exhibits on the trial of said case.

This proceeding was brought under the provisions of sec. 1058, Rev. Codes, as amended by the Laws of 1909, p. 172, which, among other things, provides as follows:

"The board of good road commissioners shall have power to receive road petitions and lay out, alter, create and abandon public highways within their respective districts, subject to an appeal therefrom to the board of county commissioners of the county in which such district is situated, in

the same manner in which appeals are taken from the board of county commissioners to the district court.''

As above stated, there was no appeal taken from that part of the decision of the commissioners of the good road district granting the opening of the road through the south half of section 9; hence the board of county commissioners had no jurisdiction in the matter. Regardless of that fact, the board of county commissioners set aside the order of the good road commission in locating a road through the south half of said section 9. Since it had no jurisdiction to vacate an order that was not appealed from and properly brought before it, the order of the good road commission was not vacated by the decision of the county commissioners.

Plaintiff appealed from the entire order of said board to the district court, which upon a trial *de novo* sustained the action of the board of county commissioners.

The question is raised as to whether there is any appeal from the order of the board of county commissioners in this matter. However, we conclude that under the provisions of sec. 1950, Rev. Codes, an appeal may be taken from any act, order or proceeding of the board of county commissioners by any person aggrieved thereby.

The good road commission under the law has certain discretion in the laying out of public highways, but their action in that regard may be reviewed on appeal to the county commissioners, and the action of the county commissioners may be reviewed on appeal to the district court. That is the procedure that has been followed in this case.

The question then presented for determination is whether the district court erred in denying said petition in its entirety, or at all.

We have carefully read the evidence in this case, and it clearly appears to this court that the district court erred in holding that the petitioners were not entitled to have any part of the road petitioned for declared a public highway, and we think the action of the good road commission ought to be sustained in establishing the proposed highway through the south half of section 9 and in denying said peti-

tion as to establishing the proposed highway through the north half of section 16.

As above stated, the county commissioners had no jurisdiction to set aside the order granting said petition so far as the highway through section 9 was concerned, and for that reason the district court had no jurisdiction in said matter.

The admission of certain exhibits offered in evidence is assigned as error. After an examination of the matter, we are satisfied that the court did not err in admitting those exhibits.

The judgment of the district court will therefore be modified and the decision or order of the good road commission will be sustained. We therefore conclude that the establishment of said road as made by the order of the good road commissioners through the south half of section 9 is valid and must be sustained, and that the action of the board in refusing to establish a highway through the north half of section 16, as proposed by said petition, must be sustained.

The cause will be remanded to the district court to enter judgment in accordance with the views expressed in this opinion. Costs are awarded to the appellant.

Budge and Morgan, JJ., concur.